G. W. SHIDELER, Appellant, v. JOHN H. YOUNG, Appellee.

**Intoxicating liquors:** RESOLUTION OF CONSENT: NUMBER OF SALOONS. Regardless of whether a resolution of consent by a city council to the sale of liquor at wholesale is necessary or required by law, the granting of such consent, not however including the right to sell as a beverage, will not be considered in determining the number of consents for the sale at retail which should be granted

under the Moon law, limiting the number of saloons to one to every 1,000 of the inhabitants of the city.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

THURSDAY, FEBRUARY 12, 1914.

SUIT in equity to enjoin a liquor nuisance. There was a decree dismissing the petition, and the plaintiff appeals.— *Affirmed.*

*John F. Joseph,* for appellant.

*Griffin & Page,* for appellee.

EVANS, J.—The facts are stipulated, and only a question of law is presented for our consideration. This question involves a construction of what is known as the Moon Law, being chapter 142, 33rd General Assembly. Such statute provides as follows:

Sec. 1. From and after the passage of this act, no city or town council shall, by resolution, grant consent to sell intoxicating liquors as a beverage *at retail* to a greater number of persons than one to every one thousand, of the population of said city or town as shown by the last preceding state or national census. : . .

Sec. 2. In all cities and towns where a greater number of persons than are provided in section one (1) hereof, now hold resolutions, of consent to sell intoxicating liquors *at retail*, it shall not be mandatory, . . . in which event, no new or additional resolution shall be granted to any person to sell intoxicating liquors as a beverage *at retail* except in accordance with the provisions of this act.

The city of Sioux City granted certain resolutions of consent under the limitations of the foregoing statute. It is stipulated that the population of Sioux City was 47,828. The coun-

cil of such city was therefore empowered to adopt resolutions of consent to 47 persons to sell intoxicating liquor at retail within the city. Such council did adopt a resolution of consent to the defendant, Young. Previous to such resolution, the council had already adopted 46 resolutions of consent to as many different persons. It had also issued one resolution of consent to one Thayer to sell intoxicating liquors "at wholesale only, and not as a beverage at retail." The appellant contends that the Thayer resolution made up the full number of 47, and that the council had no further power to adopt an additional resolution, and the resolution of consent in favor of Young was therefore void. It is conceded that Young has complied with the law in all other respects, and that he is not subject to injunction, if the resolution of consent issued to him was not in excess of the number provided by the "Moon Law."

Prior to the enactment of the statute in question, there was no limit under the mulct law as to the number of resolutions of consent which a city council could properly grant, when authorized to grant any at all. The Moon Law purported to put a limit upon the number of resolutions of consent which could be granted to persons to sell intoxicating liquor *at retail*. By its express terms the limitations imposed by this statute are confined to sales at retail. There is no escape from the conclusion that the city council of Sioux City had the right to grant consent to 47 persons to sell *at retail*. The question is: Did they exhaust their authority to grant the forty-seventh consent to sell *at retail* by the previous grant of consent to Thayer to sell "at wholesale only, and not as a beverage at retail?" Appellant urges that there is no distinction under the statute between wholesale and retail sales. For some purposes that is doubtless true. For the purpose of this statute, however, a distinction is clearly expressed. A distinction is also made under section 2456. This section fixes the minimum quantity of a sale at wholesale. This section also specifies the certain conditions under which sales of in-

toxicating liquor at wholesale may lawfully be made. Section 2460 prohibits the sale of intoxicating liquors "at retail" upon manufacturing premises. Chapter 143, 33rd General Assembly, also prohibits as follows:

Sec. 1. No one except a qualified elector of the town, city or township in which the business is conducted and carried on shall engage in the sale of intoxicating liquors *at retail*.

Sec. 2. No person, firm, association or corporation and no officer, member, stockholder, agent or employee of any such firm, association or corporation engaged in the manufacture, brewing, distilling or refining of intoxicating liquors shall be interested or engaged, either directly or indirectly, in the retail sale of intoxicating liquors, or own, operate or lease any building, erection or place to be used for the sale or keeping for sale of intoxicating liquors *at retail*, or own or lease or be interested in, either directly or indirectly, any fixtures, furniture, or apparatus to be used in the *retail sale* of intoxicating liquors, or furnish the license bond required by law or pay for such bond or guarantee the bond of such person engaging in the sale of intoxicating liquors contrary to the conditions above prohibited shall be punished as in section 3 provided.

The conditions set forth in the foregoing statutes governing the sale of intoxicating liquors at wholesale are not identical with the conditions governing the lawful sale of intoxicating liquors as a beverage at retail. A person who by compliance with the necessary requirements may be authorized to sell intoxicating liquors at wholesale is yet not thereby authorized to sell the same at retail.

Some question is raised as to whether the city council has authority to adopt resolutions of consent to sell at wholesale. Whether it has such authority, or whether such resolution of consent is necessary under the statute as a prerequisite to the right to sell at wholesale, we need not now undertake to decide. Whether Thayer has fully complied with the law authorizing him to sell at wholesale is not the question before us. It is sufficient to note that under the resolution of consent to him he could not lawfully sell intoxicating liquors as

a beverage *at retail*. He was confined by the terms of the resolution to sale "at wholesale only, and not as a beverage at retail." If we assume that our statutes previous to the Moon Law contemplated no resolution of consent to a wholesale dealer as described in section 2456, then the resolution adopted in his favor was an idle proceeding which neither helped nor hindered him. On the other hand, if we assume that under our previous statutes such a resolution of consent was necessary as a prerequisite to selling at wholesale, it is excluded by necessary implication from the operation of the Moon Law; the limitations imposed by this statute being confined to the number of persons who shall sell "at retail." We reach the conclusion, therefore, that the Thayer resolution of consent to sell at wholesale only, whether legal or illegal, necessary or unnecessary, did not exhaust the authority of the city council to issue to defendant Young the forty-seventh consent to sell *at retail*. This was the view of the trial court, and its order is *Affirmed*.

LADD, C. J., and WEAVER and PRESTON, JJ., concur.